IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,036-01






EX PARTE LARRY DAYRIES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-1-DC-10-300102-A IN THE 147TH DISTRICT COURT


FROM TRAVIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to seventy years' imprisonment. The Third Court of Appeals affirmed his
conviction. Dayries v. State, No. 03-10-00704-CR (Tex. App. - Austin, August 30, 2011).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel compelled him to testify against his wishes, knowing that he would be impeached with prior
convictions. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. 
Specifically, counsel shall state whether he advised Applicant that the decision of whether or not to
take the stand on his own behalf was Applicant's alone, and as to whether he advised Applicant of
the potential consequences of testifying. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: February 27, 2013

Do not publish